## DOMENECH v. PAN AMERICAN STANDARD BRANDS, Inc.

### Civ. No. 3187.

District Court, Puerto Rico.

Nov. 27, 1946.

Otero Suro & Otero Suro, of San Juan, Puerto Rico, for plaintiff.

James R. Beverley, of San Juan, Puerto Rico, for defendant.

COOPER, District Judge.

[1, 2] Plaintiff brings this suit to recover wages alleged to be due him for over-time worked from the year 1935 until September 30, 1942. There is considerable conflict among the witnesses as to the number of days in which plaintiff worked more than 8 hours. He is entitled to recover for the 9th hour only in any one calendar day according to the provisions of Act No. 49 of the Legislature of Puerto Rico 2nd Sp. Sess., which became effective on November 6, 1935. This Act has been interpreted by the Supreme Court of Puerto Rico and that interpretation is binding on me. See Cardona v. District Court of Humacao, 62 D. P. R. 61.

Defendant admits that it is due plaintiff compensation for the 9th hour worked on each Monday and Thursday. Plaintiff claims that defendant is due him for the 9th hour for six days in each week from the effective date of said Act to December 31, 1938, and for 5 days in each week from January 1, 1939, to September 30, 1942. There are no records available to show the different days in which plaintiff worked in excess of 8 hours. I think that the greater weight of the evidence shows that plaintiff must' have worked more than 8 hours on Wednesday. In reaching my conclusion, I have considered the fact that plaintiff must have been absent on occasion of illness or vacation. Plaintiff was absent from his work for very short intervals only on account of illness or vacation.

I have considered all the testimony and have been very much assisted by findings of fact and conclusions of law submitted by counsel for both plaintiff and defendant. I am unable to adopt in toto the findings submitted by either plaintiff or defendant. On the basis of the entire record I make the following:

### Findings of Fact

1. Plaintiff Juan Domenech worked for defendant from about the middle of the year 1934 until September 30, 1942.

2. The work of plaintiff during said period was as outside salesman driving a panel delivery truck within the Island of Puerto Rico from which he sold merchandise for his employer.

3. At the second special session of the 13th Legislature of Puerto Rico, Act No.

49 was passed and approved by the Governor on August 7, 1935, and by its terms became effective on November 6, 1935. The title of the Act is "An act to regulate the working hours of persons employed in commercial and industrial establishments and in other lucrative businesses and for other purposes."

4. Defendant paid plaintiff as compensation for his services the sum of $15 per week until December 31, 1935; $18 from January 1, 1936, to January 4, 1938; $20 from January 4, 1938, to June 30, 1938; the sum of $47.50 fortnightly from July 1, 1938, to June 30, 1941; the sum of $50 fortnightly from July 1, 1941, to December 31, 1941, and the sum of $55 fortnightly from January 1, 1942, to September 30, 1942.

5. Up to January 1, 1939, plaintiff worked on what is known as Route No. 2 and during said time he worked an average of more than eight hours on 3 separate days for each week.

6. From January 1, 1939, to September 30, 1942, plaintiff worked on what is known as Route No. 1 and during said period he worked more than 8 hours three days in each week.

7. There is no written contract between the parties but the type of work performed and the hours worked by plaintiff did not change from the date of his employment in 1934 until the date of his leaving the company on September 30, 1942.

8. Plaintiff received from defendant his wages as agreed between the parties.

### Conclusions of Law.

(1) Plaintiff has been paid by defendant in full single time and all hours worked by him during the period covered by the complaint.

(2) Plaintiff is entitled to recover from defendant an additional single hour's pay for each day worked in excess of eight hours from November 6, 1935, the effective date of Act No. 49 to September 30, 1942, at rates calculated on an hourly basis.

A judgment will be entered in favor of plaintiff for the sum of four hundred twenty-five dollars ($425) and costs.